1
2
3
4 **UNITED STATES DISTRICT COURT**
5 **DISTRICT OF NEVADA**
6
7 STEPHANIE GORDON,                        )
8                         Plaintiff,       )        Case No. 2:18-cv-00492-JCM-GWF
                                           )
9 vs.                                      )        **ORDER**
                                           )
10 NANCY A. BERRYHILL, Acting              )        Plaintiff's Application to Proceed *In*
   Commissioner of Social Security,        )        *Forma Pauperis* (#1)
11                                         )
12                         Defendant,      )
   _____)
13          This matter is before the Court on Plaintiff's Application to Proceed *In Forma Pauperis*
14 (ECF No. 1), filed on March 16, 2018.
15                              **BACKGROUND**
16          Plaintiff brings suit for review of her social security case.  Plaintiff asserts that she has been
17 waiting "for nearly two years for Social Security Disability." *Complaint* (ECF No. 1-1), 1:19.  She
18 stated that the Social Security Administration ("SSA") is still allegedly using a 2013 decision in
19 their determination.  Moreover, Plaintiff states that as of February 2018 she has been homeless and
20 despite advising the SSA of that, she has still not "heard a word from them." *Id*. at 1:21-22.
21                              **DISCUSSION**
22     **I.      Application to Proceed *In Forma Pauperis***
23          Plaintiff filed this instant action and attached a financial affidavit to her application and
24 complaint as required by 28 U.S.C. § 1915(a).  Having reviewed Plaintiff's financial affidavit
25 pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee.
26 Therefore, Plaintiff's request to proceed *in forma pauperis* in federal court is granted.
27 . . .
28 . . .

## II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

## III. Complaint

Federal courts only have jurisdiction to conduct judicial review of the SSA's final decisions. *See* 42 U.S.C. § 405(g); *see also Pacific Coast Medical Enterprises v. Harris*, 633 F.2d 123, 137 (9th Cir. 1980). Here, it is unclear whether Plaintiff is seeking review of a final agency decision. At one point, the complaint states that a 2013 decision (which could potentially be a final decision) is being used and then at another point, Plaintiff complains that she has not heard from the SSA regarding her benefits. Simply put, the complaint fails to detail whether Plaintiff received an unfavorable decision from the SSA and whether she fully exhausted her administrative remedies prior to filing her instant complaint.[1] If Plaintiff is still awaiting a decision regarding the granting or denial of her social security disability applications, then her complaint is improper. This Court cannot force the SSA to expedite a disability determination. Because the Court is uncertain what

---

[1] Generally, a plaintiff who seeks judicial review has received an unfavorable decision from an Administrative Law Judge ("ALJ") and appealed the ALJ's decision to the Appeals Council, who then denied Plaintiff's request for an appeal. At that point the ALJ's decision becomes a final agency decision that is ripe for judicial review pursuant to 42 U.S.C. § 405(g).

relief Plaintiff seeks, the Court will dismiss this complaint with leave to amend, to provide Plaintiff another opportunity to give the Court the necessary information.

If Plaintiff elects to proceed in this action by filing an amended complaint, she is informed that the court cannot refer to a prior pleading in order to make her amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff is informed that once he files an amended complaint, the Court is required to again conduct a screening pursuant 28 U.S.C. § 1915(e). Therefore, litigation of Plaintiff's case does not automatically commence upon the filing of an amended complaint. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (ECF No. 1) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of four hundred dollars ($400.00).

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that Plaintiff's Complaint (#1-1) be **dismissed** without prejudice with leave to amend. Plaintiff shall have until **April 11, 2018** to file an amended complaint correcting the noted deficiencies.

DATED this 21st day of March, 2018.

GEORGE FOLEY, JR.
United States Magistrate Judge

3